**FILED**
**Jul 21, 2021**
**06:40 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James McGauvran | ) | Docket No. 2020-06-0558 |
| | ) | |
| v. | ) | State File No. 32368-2019 |
| | ) | |
| ATOS Syntel, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard June 24, 2021 |
| Compensation Claims | ) | via Microsoft Teams |
| Kenneth M. Switzer, Chief Judge | ) | |

---

### Vacated and Remanded

---

Following a severe coughing episode precipitated by inhaling vapor from an electronic cigarette ("e-cigarette"), the employee lost consciousness and fell backwards from a wall on which he had been sitting in a designated smoking area near his workspace. The employer denied the employee's claim for workers' compensation benefits, contending his injuries were idiopathic and did not arise primarily out of and in the course and scope of the employment. After filing a petition for benefits, the employee requested an expedited hearing and decision on the record without an in-person hearing. A subsequent status hearing order noted written discovery was complete, the employee had been deposed, the central issue was compensability, and the court would decide the compensability issue using the expedited hearing standard of "likely to prevail at a hearing on the merits." After advising the parties of the documents the court would consider in deciding the compensability issue, the court determined the employee was likely to prevail at trial in establishing he suffered a compensable injury but did not address any claim for temporary disability or medical benefits. The employer has appealed. We vacate the trial court's order and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

L. Blair Cannon, Atlanta, Georgia, for the employer-appellant, ATOS Syntel, Inc.

Jim Higgins, Nashville, Tennessee, for the employee-appellee, James McGauvran

**Factual and Procedural Background**

The facts of this case are presented in the deposition transcript of James McGauvran ("Employee") and in two declarations of Employee prepared in accordance with Tennessee Rules of Civil Procedure Rule 72. Several photographs of the area where Employee's accidental injury occurred were submitted as exhibits to one of Employee's Rule 72 declarations and are included in the record.

On April 23, 2019, Employee was working for ATOS Syntel, Inc. ("Employer"), as "functional lead of global voice and data networks." His office workplace was located on the fifth floor of a commercial office building in which Employer leased space. Employee was salaried and did not have a set office schedule. He would sometimes go to the office at 6:00 o'clock in the morning, but other times he would perform work remotely and go to his office later in the morning. He did not have scheduled breaks and took breaks "essentially when [he] could." He described himself as a long-term smoker, and, because smoking was prohibited inside the building where he worked, he would go outside the building to smoke in a designated smoking area located on the third floor of the parking garage that was part of the same building in which his fifth floor workspace was located. Employer's manager worked at the same location and was also a smoker.

When asked how often he would go outside to take a smoke break in April 2019, Employee said,

> I couldn't put a number on it because like I said, you know, I would go outside for more than just a smoke. Where we would smoke, we – we commonly referred to it as the "third-floor meeting room." And sometimes my manager would ask me to come meet him out there and we'd have a quick meeting, and while we were there, we were smoking. So my primary reason for being there wasn't necessarily smoking.
>
> . . . I wasn't always going outside for smoking. Sometimes I'd go out there for a meeting and sometimes it was for smoking. Sometimes the primary reason was smoking, sometimes the primary reason was a meeting.

Employee said the designated smoking area was referred to as the "third-floor meeting room" because "a lot of times we would have private meetings out there away from the client." Describing the area of the third floor where he would smoke, he indicated there were no tables, no "formal" seating area, no chairs, and no vending machines. Employee's Rule 72 declaration stated that Employer "provided no other designated smoking or break area," and that the wall on which he was sitting immediately before his fall "was low enough (42") and wide enough (20") to be a natural place to sit [and] [i]n fact, it was the only [place to sit] as there [were] no chairs provided by [Employer] despite the regular use of this area for breaks." Further, Employee's declaration stated that

2

"[e]mployees, including [his] manager who was a smoker, routinely sat on the wall while using this area for a smoking break or for meetings."

Employee described the April 23, 2019 events that resulted in his fall and injuries as follows:

> I went to the third-floor meeting room. I – at the edge of the parking garage is a wall, goes up about three or four feet. The wall is three or four feet high and probably 24 to 36 inches wide, and it's – it's made of brick. And I sat on the wall, was reviewing my emails, calendar, et cetera. And I was trying to quit smoking, and I had picked up – I don't know what . . . I took a hit on a vape.
>
> . . . .
>
> I was reviewing emails and my calendar on my phone, and I used a vape and inhaled and wound up coughing to the point where I passed out. When I passed out, I went backwards over the wall and wound up breaking my neck and my left big toe.

Employee said "[i]t was the first time [he] ever used that vape or – or any vape. And when [he] inhaled [the first time] is when [he] just started coughing to the point where [he] passed out." He said he was sitting on the wall "multitasking" and "was using the vape while reviewing emails and calendar." He said he "coughed so much and [he] was expelling air and, as a result, wasn't breathing, so [he] passed out and then fell."

The next thing Employee remembered was "coming to and screaming in agony." No one was present when he inhaled on the e-cigarette, and no one was present when he regained consciousness. He was able to get up "with great difficulty," and he called his manager and told him he "was hurt really bad" and needed help and where he was located. His manager called an ambulance, and Employee was taken to a local hospital where he was admitted and underwent cervical fusion from C4 to C7 two days later.[1] Employee testified that prior to the April 2019 incident he was diagnosed with diabetes and hypertension. He testified his diabetes was controlled by diet and that he was able to stop taking medication for his diabetes. He testified he had also been diagnosed with hypertension and had previously taken medication for hypertension. He did not address whether he was supposed to be taking medication for hypertension at the time of his accident, but testified that, at the time of his deposition in January 2021, he was not supposed to be taking the medication.

---

[1] There are no medical documents in the record. Employee's injuries, his surgeries and recovery, and any physical disability resulting from his injuries are not at issue in this appeal. Accordingly, we do not address them except to note the nature of Employee's primary injury and the initial surgery he underwent following his cervical injury, which is based upon Employee's deposition testimony.

Employee filed a petition for benefits on April 17, 2020, seeking temporary disability benefits, medical benefits, and attorney's fees. Following unsuccessful mediation, Employee filed a request for an expedited hearing and asked the court to issue a decision on the record instead of convening an evidentiary hearing. He submitted a Rule 72 declaration in support of his request in which he addressed the April 2019 incident, his injuries, and Employer's denial of his claim. In a November 2020 status conference order, the trial court noted that Employee filed a request for expedited hearing seeking a decision on the record. The order identified the issues as "compensability," [Employee's] entitlement to medical and temporary disability benefits, the compensation rate, and attorneys' fees for a wrongful denial." Further, the order noted that Employee's attorney "clarified that he only seeks a decision on the record on compensability at this time." The court held the "on-the-record" hearing request "in abeyance" and allowed the parties additional time for discovery, resetting the status hearing to February 2021.

In a February 2021 status hearing order, the court noted that Employee had been deposed and written discovery was complete, adding that "[c]ounsel agreed that the central issue in the case is compensability," and that "[t]he issues are legal not factual." The order stated the court "explained that it will decide [compensability] using the expedited hearing standard of 'likely to prevail at a hearing on the merits.'" The trial court subsequently issued a "Docketing Notice and Order," stating the court "finds it needs no additional information to determine whether [Employee] is likely to prevail at a hearing on the merits regarding the claim's compensability" and would "decide the issue on a review of the written materials without an evidentiary hearing." The order identified seven documents the court would consider and allowed "[e]ither party [to] file additional documentary evidence within seven business days." Employer submitted a "Response to Employee's Petition for Benefit Determination," and Employee submitted a "Compensation Hearing Pre-Trial Statement." No additional documentary evidence was submitted by the parties.

On March 5, 2021, the court issued an order concluding "Employee is likely to prevail at a hearing on the merits that he suffered a compensable injury." In addition, the court determined Employee "is likely to prevail at a hearing on the merits that he suffered an injury arising primarily out of and in the course and scope of the employment, which was not idiopathic in nature." The trial court's expedited hearing order did not address Employee's entitlement to temporary disability or medical benefits. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn.,*

4

*Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence" as in this case. *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

## Analysis

This is an appeal of an expedited hearing order following the trial court's decision on the record without conducting a full evidentiary hearing. After considering specific documents identified in its docketing notice and expedited hearing order, the court applied the lesser evidentiary standard applicable to hearings conducted on an expedited basis and concluded Employee "is likely to prevail at a hearing on the merits that he suffered a compensable injury." *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020). No temporary disability or medical benefits were awarded or addressed in the trial court's order; rather, the trial court determined Employee "is likely to prevail at a hearing on the merits that he suffered an injury arising primarily out of and in the course and scope of the employment, which was not idiopathic in nature."

Tennessee Code Annotated section 50-6-239(d) provides the manner in which hearings of disputes on an expedited basis are to be conducted. Significantly, for purposes of this case, section 50-6-239(d)(1) authorizes a workers' compensation judge to hear disputes over issues "concerning the provision of *temporary disability or medical benefits* on an expedited basis and enter an interlocutory order upon determining that the injured employee would likely prevail at a hearing on the merits." Tenn. Code Ann. § 50-6-239(d)(1) (emphasis added). Here, the dispute addressed by the judge did not concern the provision of temporary disability or medical benefits but was limited to the compensability of the claim.

Prior to the June 24, 2021 oral arguments conducted in this appeal, we requested the parties be prepared to address whether the trial court exceeded its authority by conducting an expedited hearing "with the sole issue being the compensability of the claim." During oral arguments, counsel for the parties indicated they had entered into stipulations as to the benefits Employer would provide in the event the judge determined Employee's claim to be compensable. Further, counsel for Employee represented he sent an email to the Clerk of the Court of Workers' Compensation Claims and attached the parties' stipulations to the email for filing. However, the stipulations were not included in the record on appeal.

5

A February 8, 2021 Status Hearing Order issued by the trial judge noted "[c]ounsel agreed that the central issue in the case is compensability," and the order provided that the court "explained that it will decide the [compensability] issue using the expedited hearing standard of 'likely to prevail at a hearing on the merits.'" The court's subsequent "Docketing Notice and Order" stated the court "finds it needs no additional information to determine whether [Employee] is likely to prevail at a hearing on the merits regarding compensability," and further stated the court would "decide the issue on a review of the written materials without an evidentiary hearing." The order identified seven documents the court would consider, but the parties' purported stipulations were not included in the documents identified by the court. In the court's March 5, 2021 expedited hearing order, the court identified those seven documents as exhibits as well as three additional documents: the court's "Docketing Notice and Order," "Employer's Response to Employee's Petition for Benefit Determination," and "Compensation Hearing Pre-trial Statement of Petitioner." The parties' purported stipulations were not identified as an exhibit or addressed in the court's expedited hearing order.

Subsequent to oral arguments, the parties submitted a Joint Motion to Supplement Record, seeking to include in the record "Agreed Expedited Hearing Stipulations" and a February 2021 email from Employee's counsel requesting the Clerk of the Court of Workers' Compensation Claims to file the stipulations. However, the purported "Agreed Expedited Hearing Stipulations" submitted with the joint motion was presented in the form of an agreed order including language that "THE FOREGOING IS SO, ORDERED AND ADJUDGED," followed by a line under which the name of the workers' compensation judge appeared. The document was approved for entry by counsel for the parties but was neither signed by the trial judge nor stamped "filed" by the clerk. There is no indication in the record that the trial judge was presented with or considered any stipulations for purposes of the court's decision on the record.[2]

Neither temporary disability nor medical benefits were at issue in the expedited hearing or addressed in the court's expedited hearing order. The trial court decided the compensability issue but applied the lesser evidentiary standard applicable to resolving disputes concerning the provision of temporary disability and medical benefits. However, as noted above, the document styled "Agreed Expedited Hearing Stipulations," presented in the form of a court order, was not signed by the judge and included no indication of

---

[2] The "Employer's Response to Employee's Petition for Benefit Determination," which was identified as an exhibit in the court's expedited hearing order, stated that the parties had agreed to have the court issue a decision on the record and "in this regard, the parties have entered stipulations that have been filed with the Court." Similarly, the "Compensation Hearing Pre-Trial Statement of Petitioner," also identified as an exhibit in the court's expedited hearing order, stated in a section addressing Employee's request for attorney's fees that "the parties have stipulated to all other issues surrounding this case . . . ." However, neither document identified the substance of the parties' stipulations. Under the circumstances presented, we deny the parties' Joint Motion to Supplement Record because there is no evidence in the record that the trial judge received, reviewed, or considered the parties' stipulations.

being stamped "filed" by the Clerk of the Court of Workers' Compensation Claims or considered by the judge.

We conclude the plain language of section 50-6-239(d) contemplates that the purpose of an expedited hearing is to allow a workers' compensation judge to "hear disputes over issues . . . concerning the provision of temporary disability or medical benefits" using the applicable statutory standard of proof. Although a judge must necessarily determine whether an employee has come forward with sufficient evidence to establish whether he or she would likely prevail at a hearing on the merits, the determination is made in the context of a claim for temporary disability and/or medical benefits and does not extend to claims in which compensability is the sole issue at the expedited hearing. *See, e.g.*, *Frye v. Vincent Printing Co.*, No. 2016-06-0327, 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *20-21 (Tenn. Workers' Comp. App Bd. Aug. 2, 2016) (it is inappropriate to include findings in an expedited hearing order that appear to resolve ultimate issues in a case).

## Conclusion

For the foregoing reasons, we vacate the trial court's March 5, 2021 expedited hearing order and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James McGauvran | ) | Docket No. 2020-06-0558 |
| | ) | |
| v. | ) | State File No. 32368-2019 |
| | ) | |
| ATOS Syntel, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard June 24, 2021 |
| Compensation Claims | ) | via Microsoft Teams |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of July, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| L. Blair Cannon | | | | X | blair.cannon@thehartford.com |
| Jim Higgins | | | | X | jsh@higginsfirm.com stephanie@higginsfirm.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

O. Yearwood

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov